IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

12 OCT 17 PM 3: 32

| | |
|---|---|
| Champion Window Manufacturing and Supply Co., LLC<br>12121 Champion Way<br>Cincinnati, Ohio 45241,<br><br>           Plaintiff,<br><br>v.<br><br>Champion Contracting & Restoration, LLC<br>760 Campbell Lane #106-208,<br>Bowling Green, KY 42104<br><br>           Defendant. | Civil Case No. **1:12 CV 801**<br><br>Judge **J. BERTELSMAN**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND MISAPPROPRIATION OF TRADEMARK** |

Now comes Champion Window Manufacturing and Supply Co., LLC ("Champion" or "Plaintiff"), by and through counsel, and for its Complaint against Defendant Champion Contracting & Restoration, LLC ("CC&R" or "Defendant") states as follows:

### PARTIES

1. Champion is a Delaware limited Liability Company with its principal place of business in Hamilton County, Ohio.

2. Champion is engaged in manufacturing windows and doors, and the installation of windows and doors, siding and roofing, and construction and renovation in private homes.

3. As of the date of this Complaint, Champion has over seventy (70) Champion-affiliated stores in thirty-seven (37) states.

4. Defendant CC&R is a Kentucky limited liability company with its principal place of business in Bowling Green, Kentucky.

5. CC&R is engaged in the installation of windows, doors, siding, and roofing, and construction and renovation of private homes.

6. Upon information and belief, CC&R was formed in 2004 from the merger of numerous companies in several states, including a company or companies located in the State of Ohio.

7. Upon information and belief, CC&R operates on a nationwide basis.

## JURISDICTION AND VENUE

8. This court has original jurisdiction (15 U.S.C. § 1121) of the claims set forth herein, including: trademark infringement (15 U.S.C. § 1114); false designation of origin (15 U.S.C. § 1125(a)) and dilution (15 U.S.C. § 1125(c)).

9. The court has personal jurisdiction over Defendant under the Ohio long arm statute, O.R.C. § 2307.382 (A) (1), (2), (3), and/or (4) for the reason that CC&R does business on a nationwide basis, including Ohio; solicits business on a nationwide basis, including Ohio; and by reason of CC&R's interactive website www.championdifference.com, which solicits home building inspections through an online ordering form included as part of CC&R's website, which order form is not limited as to geographical location.

10. Venue is proper before this court under 28 U.S.C. § 1391(b).

## FACTS

11. Champion is the owner of the federally registered trademarks CHAMPION and design (Reg. No. 2195330, the '330 mark); CHAMPION (Reg. No. 2195331, the '331 mark); and BASEMENT LIVING SYSTEMS BY CHAMPION (Reg. No. 3569478, the '478 mark) (hereafter jointly the "CHAMPION Marks").

12. The CHAMPION '330 mark and CHAMPION '331 mark describe the goods identified by the marks as "non-metal new and replacement windows, patio and sliding doors and window screens" in International Class 019.

13. The CHAMPION '330 mark and CHAMPION '331 mark describe the services identified by the marks as "installation of replacement windows, window screens, storm windows and siding and construction of sun porches, enclosed patios, and room additions for others" in International Class 037.

14. The CHAMPION '478 mark describes the services identified by the mark as "remodeling of interior basements and rooms" in International Class 037.

15. The CHAMPION '330 mark and the CHAMPION '331 mark are both incontestable.

16. The date of first use of the CHAMPION '330 mark in interstate commerce was at least as early as December 31, 1979.

17. The date of first use of the CHAMPION '331 mark in interstate commerce was at least as early as June 31, 1953.

18. The date of first use of the CHAMPION '478 mark in interstate commerce was at least as early as June 1, 2003.

19. The CHAMPION '330, '331, and '478 marks have been in continuous use by Champion since their respective dates of first use.

20. In the spring of 2012, Champion learned that CC&R was using the word CHAMPION in its trademarks, to identify services that are substantially the same as the goods and services provided by Champion.

21. Champion also discovered, at the same time, that CC&R was using the domain name championdifference.com to identify those services that are substantially the same as the goods and services provided by Champion.

22. By letter dated June 21, 2012, CC&R was notified that CC&R's use of the word CHAMPION in its marks for home repair services caused a likelihood of confusion in the minds of consumers between its services and the goods and services offered by Champion and that such use constituted infringement of Champion's trademarks.

23. CC&R has continued to use CHAMPION in its marks.

24. Subsequent to Champion's letter notifying CC&R that use of CHAMPION was an infringement, CC&R filed multiple applications in the United States Patent & Trademark Office to register four trademarks (collectively, "CC&R Marks"), including:

CHAMPION ROOFING (Serial No. 85672682), for services described as "Building restoration; Installation of gutters; Installation, repair and replacement of gutters; Roofing contracting; Roofing installation; Roofing repair; Roofing services," in International class 037;

CHAMPION CONTRACTING & RESTORATION (Serial No. 85672689), for services described as "Building restoration; Installation of gutters; Installation, repair and replacement of gutters; Roofing contracting; Roofing installation; Roofing repair; Roofing services," in International class 037;

CHAMPION DIFFERENCE (Serial No. 8567294), for services described as "Building restoration; Installation of gutters; Installation, repair and replacement of gutters; Roofing contracting; Roofing installation; Roofing repair; Roofing services," in International class 037 ; and

EXPERIENCE THE CHAMPION DIFFERENCE (Serial No. 85672237), for services described as "Building construction; Construction and renovation of buildings; Roofing services; Roofing contracting; Roofing installation; Roofing repair," in International class 037.

25. Such registrations indicate CC&R's intent to continue to use the word CHAMPION in its marks.

26. Based on CC&R's trademark applications filed in the Patent and Trademark Office, the earliest date of first use for any of CC&R's marks was 2004, a period which was later than the dates of first use for all of the CHAMPION Marks.

27. Champion's goods and services, which include the manufacture and installation of windows and doors; installation of siding and roofing; and room construction and renovation of private homes, are substantially the same as the services offered by CC&R, which services include installation of windows, doors, siding, roofing, room construction and renovation of private homes.

28. Champion promotes the goods and services identified by the CHAMPION Marks in mail campaigns, brochures, print and electronic media, radio ads, magazine and newspaper inserts, showrooms, at tradeshows, in email campaigns, on the internet and personal visits in homes.

29. Upon information and belief, CC&R promotes the goods and services identified by CC&R's Marks by using some or all of the following: mail campaigns, brochures, print and electronic media, radio ads, magazine and newspaper inserts, showrooms, at tradeshows, in email campaigns, on the internet and personal visits in homes.

30. CC&R's services are purchased by the same consumer groups that purchase Champion's goods and services, namely home owners.

31. CC&R's goods and services are sold under a trademark in which the purchaser's primary attention is drawn to the dominant word CHAMPION, which is identical to Champion's trademark CHAMPION.

32. Champion is often referred to by consumers as "Champion."

33. Upon information and belief, CC&R is also commonly referred to by consumers as "Champion."

34. There has been actual consumer confusion between Champion and CC&R.

35. Such confusion has damaged Champion through lost business and injured reputation.

### Count I – Trademark Infringement (15 U.S.C. § 1114)

36. Champion restates each allegation set forth above as if fully set forth herein.

37. CC&R is, without consent or license from Champion, using in commerce a reproduction, counterfeit, copy, or colorable imitation of Champion's registered CHAMPION '330, '331 and '478 marks in connection with the sale, offering for sale, distribution, and advertising of services, which are likely to cause confusion, or to cause mistake, or to deceive consumers.

38. CC&R has refused to stop using its CHAMPION marks despite Plaintiff's request that it do so.

39. Champion used its CHAMPION Marks in commerce and in interstate commerce prior to the date CC&R began to use the CC&R Marks.

40. CC&R knew or should have known at the time it adopted the use of its CC&R Marks that its marks would create a likelihood of confusion with Plaintiff's CHAMPION Marks in the minds of consumers.

41. CC&R's use and continued use of the word CHAMPION in the CC&R Marks creates a likelihood of confusion in the minds of consumers and constitutes trademark infringement as defined by the United States Code.

42. CC&R's use and continued use of the word CHAMPION in its marks has resulted in actual confusion in the minds of consumers and constitutes trademark infringement as defined by the United States Code.

43. Champion has and will continue to suffer damages as a result of CC&R's conduct as described above.

44. Upon information and belief, CC&R either acted with 1) tortious and reckless disregard for Champion's rights, in that CC&R failed to use reasonable efforts and due diligence prior to starting to use its CC&R Marks or, in the alternative, 2) acted with tortious and intentional disregard for Champion's rights, in that CC&R knew of Champion's CHAMPION Marks and chose to use the marks anyway in order to trade on Champion's goodwill created over the years.

45. Absent action by the court, Champion has no adequate remedy at law.

### Count II – Colorable Imitation (15 U.S.C. § 1125(a))

46. Champion restates each allegation set forth above as if fully set forth herein.

47. CC&R is, without consent or license from Champion, using in commerce trademarks that include the word CHAMPION as the dominant term for services that are the same as or similar to those goods and services which Champion provides to its consumers.

48. The CC&R Marks used by CC&R are a colorable imitation of Champion's CHAMPION Marks.

49. The CC&R Marks include a name, symbol, or device, or combination thereof … which … are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, endorsement or association of CC&R with Champion.

50. Upon information and belief, CC&R either acted with 1) tortious and reckless disregard for Champion's rights, in that CC&R failed to use reasonable efforts and due diligence prior to starting to use their CC&R Marks or, in the alternative, 2) acted with tortious and intentional disregard for Champion's rights, in that CC&R knew of Champion's CHAMPION Marks and chose to use the marks anyway in order to trade on Champion's goodwill created over the years.

51. Upon receipt for Champion's June 21, 2012 cease and desist letter, at the latest, CC&R was fully aware of Champion's CHAMPION Marks and has, since that time, intentionally continued to use the CHAMPION Marks, continuing to trade off Champion's goodwill developed in those marks in the home renovation industry.

52. CC&R's use of the CHAMPION Marks or colorable imitations thereof constitutes a violation of 15 U.S.C. § 1125(a).

53. CC&R's use and continued use of the infringing marks after receipt of the cease and desist letter makes this an exceptional case.

54. CC&R has and will continue to use the word CHAMPION in association with its services absent action by this court to prevent such use.

55. Absent action by this court, Champion has no adequate remedy at law.

56. CC&R has violated 15 U.S.C. § 1125(a) for which CC&R should be held liable for costs and fees, including reasonable attorney fees, in addition to damages under 15 U.S.C. § 1117.

### Count III – Dilution (15 U.S.C. § 1125(c))

57. Champion restates each allegation set forth above as if fully set forth herein.

58. The CHAMPION Marks are famous marks as defined in 15 U.S.C. § 1125(c).

59. The CHAMPION Marks were famous marks as defined before CC&R first started to use its CHAMPION marks in 2004.

60. The CHAMPION Marks are well recognized by consumers across 37 states and specifically in the states where CC&R operates.

61. Champion is very active in advertising the CHAMPION Marks across those states in which it sells goods and services.

62. The CHAMPION Marks are registered marks.

63. The dominant literal element of the CHAMPION Marks is identical with the dominant literal element of the CC&R marks.

64. The CHAMPION Marks are inherently distinctive.

65. CC&R's use of the word CHAMPION in the same industry as Champion dilutes the CHAMPION Marks for which Champion has been building goodwill since 1953.

66. CC&R's use of the word CHAMPION constitutes dilution as set forth in 15 U.S.C. 1125(c).

67. Champion has suffered damages as a result of CC&R's conduct as described above, for which Champion is entitled to monetary damages and costs of this action.

WHEREFORE, Champion asks that judgment be granted as follows:

1) Champion be granted preliminary and permanent injunctive relief prohibiting CC&R from further use of the word CHAMPION or any similar mark likely to cause consumer confusion with Plaintiff's marks;

2) Champion be awarded CC&R's profits stemming from the use of CHAMPION as damages;

3) Champion be awarded compensation not to exceed three times the amount of damages as determined by the court;

4) That CC&R be ordered to assign the domain name championdifference.com to Champion;

5) That the court find that this is an exceptional case and award reasonable attorney fees for all periods at least as early as the dates on which CC&R was placed on notice by Champion and earlier if warranted;

6) That Champion be awarded costs of litigation; and

7) Such other relief as the court deems just and reasonable.

Respectfully submitted,

*Hallie S. Borellis*
William S. Wyler (0006440)
Hallie Schneider Borellis (0076510)
SCHWARTZ MANES RUBY & SLOVIN
2900 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
513-579-1414 (phone)
513-579-1418 (fax)
wwyler@smrslaw.com
hborellis@smrslaw.com
Counsel for Plaintiff